# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**ACNR Resources, Inc.,**
**Employer Below, Petitioner**

**v.)**     **No. 25-94**     (JCN: 2024007693)
                              (ICA No. 24-ICA-223)

**Jonathan Bailey,**
**Claimant Below, Respondent**

# MEMORANDUM DECISION

Petitioner ACNR Resources, Inc. appeals the October 28, 2024, memorandum decision of the Intermediate Court of Appeals ("ICA"). *See ACNR Res., Inc. v. Bailey,* No. 24-ICA-223, 2024 WL 4601704 (W. Va. Ct. App. Oct. 28, 2024) (memorandum decision). Respondent Jonathan Bailey filed a timely response.[1] The issue on appeal is whether the ICA erred in affirming the May 2, 2024, order by the Workers' Compensation Board of Review, which reversed the claim administrator's order. The Board of Review held the claim compensable and granted temporary total disability benefits from October 26, 2023, to January 2, 2024.

On appeal, the employer argues that the conclusions of the ICA and Board of Review that the claimant met his burden of proving that he sustained a discrete new injury to his right knee in the course of and resulting from his employment were clearly wrong. The employer states that it has been recognized that the claimant's medical records clearly document a long history of symptomatic right knee degenerative joint disease prior to the alleged date of injury in this claim. As such, the employer argues that the ICA and Board of Review erred in concluding that the claimant's current right knee condition is a discrete new injury, rather than a continuation of his longstanding preexisting condition. The claimant counters by stating that the Board of Review acknowledged that he had a medical history of symptomatic arthritis in his knees, but noted that multiple medical professionals found that he sustained a contusion to his right knee on October 23, 2023. The claimant also argues that he was able to work full-duty status, without restriction or limitation at the time of the injury. However, after the injury, it was documented that the claimant was physically unable to work. Thus, the claimant asserts that the ICA and Board of Review correctly determined that he suffered a discrete new injury separate from his preexisting arthritis, which was determined to be a compensable condition resulting from his occupational injury.

---

[1] The petitioner is represented by counsel Aimee M. Stern, and the respondent is represented by counsel J. Thomas Greene Jr. and T. Colin Greene.

This Court reviews questions of law de novo, while we accord deference to the Board of Review's findings of fact unless the findings are clearly wrong. Syl. Pt. 3, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024). Upon consideration of the record and briefs, we find no reversible error and therefore summarily affirm. *See* W. Va. R. App. P. 21(c).

Affirmed.

**ISSUED: July 28, 2025**

**CONCURRED IN BY:**

Chief Justice William R. Wooton
Justice Tim Armstead
Justice C. Haley Bunn
Justice Charles S. Trump IV